# FILED

JUN 06 2023 SMB

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**BIN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN THE CASE OF: | **CASE NO:** |
| KIDNAPPED VICTIMS<br>J.S., Child YOB 2011<br>B.S., Child YOB 2013<br><br>AND NEXT OF FRIENDS,<br>JOREL SHOPHAR, RAPHAH SHOPHAR<br>*Petitioners*<br><br>vs.<br><br>VINEYARD CHURCH<br>BELTON WAYNE SIMS, KVC CEO<br>JASON HOOPER, KVC PRESIDENT<br>KVC NILES<br>DERK DWAIN HANNA<br>REGINA ANN HANNA<br>JUSTIN EVERETT DANNER<br>ANNIE NICOLE DANNER<br>KVC BEHAVIORAL HEALTHCARE, INC.<br>NATHAN WILKIE<br>TEENA WILKIE<br>OLATHE POLICE DEPARTMENT<br>*Respondents* | FIRST AMENDMENT<br>FOURTEENTH AMENDMENT<br>U.S. CONSTITUTION'S FULL FAITH &<br>CREDIT CLAUSE<br>28 U.S.C. § 1738<br><br>28 U.S. Code § 2241 – POWER TO<br>GRANT WRIT<br><br>750 ILCS 36/201 (a)(ii)<br>UCCJEA STATE OF ILLINOIS<br>UCCJEA STATE OF MISSOURI<br>UCCJEA STATE OF KANSAS<br><br>28 U.S. Code § 1332 – Diversity<br><br>23-CV-3689<br>Judge Pallmeyer<br>Magistrate Judge Harjani<br>CAT 3<br>RANDOM |

## PETITION FOR WRIT OF HABEAS CORPUS AND EMERGENCY MOTION TO ENFORCE AN ILLINOIS ORDER FOR RETURN OF CHILDREN

The Petitioner, Jorel Shophar, brings this Petition for a Writ of Habeas Corpus and Emergency for motion to enforce for return of children against the Respondents.

Petitioner Jorel Shophar is the natural father of minor children who is residing in the State of Illinois. Natural Mother is in the Waseca Federal Prison in Minnesota. Minor children are being illegally detained in Kansas and Missouri by Respondents and Respondents KVC. The children have been trafficked to Minnesota, Colorado, and Texas.

1

Petitioner has legal custody right to his children J.S. age 11 and B.S. age 10 by virtue of an Illinois Order decree of **Honorable Judge William S. Boyd** entered by **Circuit Court of Cook County Illinois, Civil Action No. 2019D079387 on June 1, 2023,** with an **ORDER** for minor children to be returned to the **State of Illinois** to the care of the Petitioner, the natural Father – View Exhibit 7.

Respondents have refused to comply with an Illinois State Court **ORDER** violating the constitutional rights of the Petitioners and his children. Due to the continual conduct of Deprivations of Rights, conspiracy, injury, defamation, and violations of Constitutional Rights, the Petitioner filed **Case No. 1:22-CV-02333** in the Northern Illinois U.S. District.

EXHIBITS

Exhibit 1 - https://www.vimeo.com/828877609 - visual of children

Exhibit 2 - https://www.vimeo.com/828874178 - visual of children

Exhibit 3 - https://www.vimeo.com/828885173 - visual of children

Exhibit 4 - https://www.vimeo.com/828878325 - visual of children

Exhibit 5 -  https://www.vimeo.com/828886108 - visual of children

Exhibit 6 – Missouri Court  finds Missouri Respondent have physically custody of minors

Exhibit 7 -  State Court Order of Illinois to return children to the State of Illinois

## I.   **DOMICILE OF PARTIES PAST THREE YEARS**

### 1.  **Victims of Kidnapping**

i.      J.S. and B.S

Last known Addresses:

11816 N. Belmont Ave, Kanas City, Missouri 64156

15350 N. Winan Rd, Platte City, Missouri 64079

9951 Pope Ave, Kansas City, Missouri 64139

1306 Birch Dr., Greenwood, Missouri 64034

3814 S. Rust Rd., Grain Valley, Missouri  64029

ii.     J.S. and B.S. Educational Institutions

Cornerstone in Kansas City Missouri

Rising Hill Elementary in Kansas City Missouri

### 2.  **Petitioners**

i.      Jorel Shophar

        1015 Hobble Bush Lane, Elgin, IL 60120

ii.     Raphah Shophar

        1015 Hobble Bush Lane, Elgin, IL 60120

### 3.  **Respondents**

i.      Vineyard Church

        12300 NW Arrowhead Trafficway, Kansas City, Missouri  64165

**ii.     Belton Wayne Sims, KVC CEO**

        **100 Piedmont Circl, Franklin, TN 37064**

iii.    Jason Hooper, KVC President

21350 W. 153rd St., Olathe, Kansas 66061

iv.    KVC Niles

1911 E. 23rd Street, Kansas City, Missouri 64127

v.    Derk Dwain Hanna

15350 N. Winan Rd, Platte City, Missouri 64079

vi.    Regina Ann Hanna

15350 N. Winan Rd., Platte City Missouri 64079

vii.    Justin Everett Danner

4715 NE 45th Ter, Kansas City, Missouri 64117

11816 N. Belmont Ave., Kansas City, Missouri 64155

viii.    Annie Nicole Danner

508 NE 103rd St., Apt. 5E, Kansas City, Missouri, 64155

11816 N. Belmont Ave., Kansas City, Missouri 64156

ix.    KVC Behavioral Healthcare, Inc.

21350 W. 153rd St., Olathe, Kansas 66061

x.    Nathan Wilkie

13720 Brougham Dr., Olathe, Kansas 66062

xi.    Teena Wilkie

13720 Brougham Dr., Olathe, Kansas 66062

xii.    Olathe Police Department

501 E. Highway 56, Olathe, Kansas 66061

## II.    JURISDICTION & VENUE

4.  Petitioners brings this action pursuant 28: U.S.C. § 2254 for relief from custody in violation of the First and Fourteenth Amendments to the U.S. Constitution.

5.  Petitioners brings this action pursuant to 28 U.S.C. § 2241 - Power to grant Writ – custody of the children are in violation of the Constitution.

6.  Petitioners brings this action pursuant for relief from custody in violation to U.S. Constitution's full faith and credit clause.

7.  Petitioners brings this action pursuant for relief from custody pursuant 28 U.S.C. § 1738A – Full Faith and credit given child custody determination.

8.  The Court has subject matter jurisdiction over this Petition pursuant to Article IV, Section 1 of the U.S. Constitution (Full Faith and Credit Clause); the First and the Fourteenth Amendments to the U.S. Constitution; 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1651 (All Writs Act); and 28 U.S.C. § 2254 (habeas corpus).

9.  Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to these claims occurred and continue to occur in this district.

## III.    BIBLICAL LAW

10. **18:17**: (NKJV) The first one to plead his cause seems right, until his neighbor comes and examines him.

11. Proverbs 18:13: (NKJV) He who answers a matter before he hears it, it is folly and shame to him.

12. **Psalm 127:3-5 (KJV):** Lo, children are an heritage of the Lord: and the fruit of the womb is his reward. As arrows are in the hand of a mighty man; so are children of the youth. Happy is the man that hath his quiver full of them:

## IV.    EXHAUSTION OF ADMINISTRATIVES REMEDIES

13. Petitioners are excused from exhausting state court remedies because the State Court of Missouri has declined jurisdiction and State Court Kansas released jurisdiction. Given the safety and wellbeing of the children, the Petitioners are unlikely to obtain remedy in a timely manner to secure the whereabouts of children without the Respondents attempting to hide the children in different locations within Missouri and Kansas.  "Undue delay by a state court might show that available state remedies have been exhausted, permitting the federal court to proceed even while the state appeal was pend-ing." *Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993); *see also Hankins v. Fulcomer*, 941 F.2d 246, 250 (3d. Cir 1991).  The Petitioners' claims do not involve an attack on a proceeding so their claims cannot be brought thorough a state petition.

## V.    <u>CASE LAW</u>

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." - in Arnow v. OCWEN LLC, 2018

Troxel v. Granville, 530 U.S. 57 (2000)

Jenkins v. Gramley, 8 F.3d 505, 508 (7th Cir. 1993)

Hankins v. Fulcomer, 941 F.2d 246, 250 (3d. Cir 1991)

## VI.  BACKGROUND

14. **2010:** Jorel Shophar meets Krissy Gorski through investigations of crime and drug distribution in Detroit Michigan.  Gorski also went to **Hope Church** in Detroit, Michigan to receive free housing.  **Hope Church** placed Gorski in a rehabilitation program, which Gorski quit after 3 months.

15. **2011:** Jorel Shophar placed Krissy Gorski in a drug rehabilitation program in the **United States Church**, also providing a home and individuals assistance to accompany Gorski through rehabilitation process. Gorski quit drugs and crime.

16. **2011:** Jorel Shophar and Krissy Gorski had a ceremony of matrimony.  They would go on and have two boys – J.S. and B.S, born in **Michigan**.  Gorski was clean from drugs 4 1/2 years. Shophar had a prior family with two children R.S. and G.S.

17. **2013**: Jorel Shophar moved to Kansas City, Missouri, with both families, to find the United States Church in heart of America.

18. **2014**: Jorel Shophar moved with his family to Olathe, Kansas.

19. **2015**: Krissy Gorski had a medical operation at Olathe Medical Hospital, and was given opioids for pain relief.  **June of 2015** Gorski begin to abuse the opioids and alcohol and became erratic. **August 2015**, Krissy Gorski took Shophar's children with the help of **Nathan Wilkie**, and **Teena Wilkie**, with plans to return to **Michigan** and filed false claims in Johnson County Court to receive free governmental assistance.  Gorski's false claims caused CINC cases in Kansas.

20. **2016:** Jorel Shophar and Krissy Gorski were given Joint-Custody through a paternity case 15CV5047 in Kansas.

21. **2017:** There was an investigation of physical abuse and sexual abuse done to children J.S. and B.S. in Gorski's Missouri home. Krissy Gorski absconded the children and moved back to Detroit Michigan, hiding the children from an investigation, and disobeying an Order not to leave Kansas City, Metropolitan Area. In the same year Shophar moved his whole family back to Michigan to find and protect his children. Gorski then moved around in multiple states, hiding the children from Shophar. In the same year Shophar moved to Illinois to start business in Illinois again.

22. **2018:** While Shophar and his other family were living in Illinois, Gorski traveled around the country prostituting and committing crime, which ultimately lead to an arrest for driving under the influence of meth with Petitioner's children in the car and crashed at an elementary school in Kansas. Kansas Department of children and families placed children in Kansas State Custody without contacting the father, who was living in Illinois. Immediately, Jorel Shophar filed an appearance in the Kansas CINC Court but was removed, and marked as absent, violating his constitutional rights, and First and Fourth Amendment rights to his children. In the same year Gorski was arrested and placed in Kansas jail, and Missouri jail for criminal conduct.

23. **2019:** Jorel Shophar and family filed the first UCCJEA case in the State of Illinois on **April 2, 2019** for parental responsibilities to his children J.S. and B.S. In the same month the Kansas Court made an ICPC Order to send the children to the State of Illinois. On **October 13, 2019**, Shophar was approved by the State of Illinois to

his children sent to the State of Illinois. However, KVC Behavioral Healthcare did not send the children to the State of Illinois.

24. **2020:** Krissy Gorski was arrested on **January 2, 2020** on Federal charges for drug distribution between Missouri, Kansas, and Texas. There was a high speed chase, which was led by Gorski running from State troopers. There was also **Dustin Schultz-Bergin** in the vehicle who had a gun, and there were a shots fired by the Trooper. Also in the vehicle was **Matthew Joseph Gammill** who was convicted on child pornography.

25. On **June 1, 2020** KVC Behavioral Healthcare, and KVC Niles placed J.S. and B.S. from Kansas into the State of Missouri, without the proper protocol of an ICPC approval. In the same year Gorski continued in prostitution and drug distribution and abuse. The children J.S and B.S. remained in the **State of Missouri 3 years** with Gorski and her affiliates. **July 2020** Gorski was also served by the COOK COUNTY SHERIFF OF ILLINOIS, through JACKSON COUNTY SHERIFF in the State of **Missouri** for the pending Case: 2019D 079387.

26. **2021**: Gorski was convicted of more crimes in the State of Kanas and the State of Missouri, for thief, drug distribution, identify fraud and drug abuse.

27. **2022:** The Kansas Court released jurisdiction of the cases caused by Gorski's arrest for meth abuse and crashing vehicle on **February 4, 2022**. Gorski was living in the State of Missouri. On **March 7, 2022**, Gorski was sentenced to FIVE YEARS in Federal Prison for Drug Distribution. Gorski left the children with Vineyard church members who illegally hid the children from the Father. The Father learned of her prison sentence on **March 9, 2022**.

28. The Father filed an Emergency Jurisdiction in the **State of Missouri** to protect his children, and to have the children returned to him. State officials in Kansas then called his Missouri Attorney and gave false information that the children were in the State of Kansas, though the children were living with Derk Hanna, Regina Hanna, Annie Danner, and Justin Danner, who live in Missouri.

29. On **March 28, 2022** an official of Kansas then demanded that Missouri residents bring the children to Kansas and drop the children in an Overland Park Police Station, though Kansas had dismissed jurisdiction and there were no acting cases in Kansas, further, the children had been living in Missouri for 2 years. Kansas Department of Children and Families was called to the scene at the Overland Park Police Station but refused to place the children in State Custody.

30. Therefore, in March of 2022 Ms. Hanna and Ms. Danner conspired with officials in Kansas, and KVC employees to conspire a lie that the children were left in Kansas. A deficient CINC case was enacted, the Father filed an Appeal in the Kansas Appellate Court which dismissed the case. Through perseverance the Father filed an Emergency hearing in Missouri Court. The Missouri judge ordered the individuals who had his children to appear in a Missouri Court, scheduled for **December 1, 2022**. View Exhibit 6

31. None of the individuals who had the children, appeared in the Missouri court. The Missouri Court dismissed the case and declined jurisdiction, based on Kansas officials lying about the whereabouts of the children, and based on Illinois being the only open UCCJEA case, with the Father living in Illinois. Both Kansas Appellate Court dismissed the cases, and Missouri dismissed the case, declining

jurisdiction. On **June 1, 2023**, the Illinois Court then issue an Order under the UCCJEA to return the children to Illinois, which is decreed as home state, where the Father lives with his wife and three other children.

In support of the illegal detainment of the minor children by the Respondents is as followed:

32. Petitioner filed a Petition in the State of Illinois on April 2, 2019 Case **No. 2019D079387.** Since this case, mother has traveled through various states to cause hardship to the Petitioner to hide the children from the father.

33. In 2018, minor children were physically removed from the mother for driving under the influence of Meth while Petitioner's children were in the care in Kansas. On February 4, 2022, the State of Kansas released Jurisdiction and Released DCF Custody of minor children. View Exhibit 7, exhibit A

34. Mother of minor children confirmed under the Illinois Case that Petitioner's children were residing with the mother in Missouri in October of 2020. Records in Kansas also confirmed children were moved to the mother's home in the State of Missouri in June of 2021. Records evidence show the children and mother were residents of Missouri.

35. Record and evidence confirmed minor children were residing in the State of Missouri with the mother. Evidence shows minor children were seen with Respondents Regina Hanna and Vineyard Church. View Exhibits 1 – 5

**36.** Respondent Regina Hanna affirmed in a February 24, 2022 letter filed under Krissy Gorski's Federal criminal indictment for drug distribution - **Case 2:20-cr-20018-DDC Document 140-3 Filed 02/24/22 Page 13 of 13.**

37. Respondents Hanna affirmed Vineyard Church involvement with the Petitioner's children stating, *"Vineyard church and Beauty for Ashes are committed to being a part of the support system for Krissy"*

38. On March 4, 2022 mother was finally sentenced to a 60-month Federal time. Mother attempted to hide the children from the Petitioner. Children were left with non-relative John Roof and recently met Missouri residents: Regina and Derk Hanna, Annie and Justin Danner members of the Vineyard Church

39. Upon discovering mother was in prison via public records, Petitioner sought to file an action in Missouri in March of 2022 to retrieve his children from Respondents.

40. On March 24, 2022, Kansas Officials contacted Petitioner's Missouri Attorney to falsely claim children were in Kansas, but children were in the State of Missouri.

41. On April of 2022 Respondents Regina and Derk Hanna collaborated with the Kansas Officials to abuse the process of CINC cases for Missouri children in the absence of jurisdiction violating UCCJEA provisions and due process.

42. Respondent Regina, Derk, Annie and Justin refused to contact the Petitioner and hid the whereabouts of the children from their father.

43. On April 13, 2022 the Missouri's Circuit Clerks finally filed the Petitioner's Petition for Emergency Temporary Jurisdiction - Case Action No. 2216-FC02896. Petitioner requested case to be transferred to the State of Illinois.

44. On May 5, 2022 Petitioner filed a Federal lawsuit in Illinois Northern District Case No. 1:22-CV-02333 against the Kansas, Missouri and Colorado parties.

45. In October of 2022 Respondent Annie, Justin, Regina and Derk were officially served subcase No. 2216-FC02896-01 and were added as third-party to the case. In addition, the Missouri Court found Respondents had physical custody of the children. - View Exhibit 6.

46. Respondent Annie and Justin Danner sold their home, and the location of the children became unknown in Missouri.

47. Respondents Annie and Justine Danner, Regina and Derk Hanna collaboratively refused to participate in a Missouri Court.

48. Respondents did not contact the Petitioner to attempt to return the children to the Petitioner but instead hid their whereabouts to allude Petitioner's Missouri and Illinois custody cases. In addition, began to conspire with mother's associates in Missouri and Kansas to hide the children from the Petitioner and outside of court intervention of Missouri and Illinois.

49. On November 22, 2022 Missouri declined jurisdiction over the minor children.

50. There was a controversial issue of the minor children's home state. On May 31, 2023, under Illinois civil action Case No. 2019D079387 (opened on April 2, 2019), an Emergency Motion for Return of the Minor children was filed by the Petitioner through his counsel.

51. Due to the jurisdiction being denied by Kansas and Missouri in accordance to 750 ILCS 36/201 (a)(ii) neither Kansas nor Missouri have jurisdiction over minor children. The State of Illinois took jurisdiction and found Illinois is the home state for the minor children.

52. On June 1, 2023 Honorable Judge S. Boyd entered in the Circuit Court of Cook County Illinois, Civil Action No. 2019D079387 decreed and ordered minor children are to be returned to Illinois to the care of the Petitioner giving Petitioner legal custody right to his children J.S. and B.S. View Exhibit 7.

53. Minor children are being trafficked by non-relative individuals across state lines between Missouri and Kansas in collaboration with KVC privatized companies to allude Petitioner's ability to gain custody.

**The minor children are illegally being detained from the Petitioner by the Respondents and Respondents have refused to comply with the State of Illinois Order.**

54. On June 2, 2023 the Shophar family traveled to the State of Missouri to retrieve the minor children.

55. The Shophar family engaged the Platte City law enforcement to retrieve the minor children from Regina and Derk Hanna at 15350 N. Winan Rd, Platte City, Missouri 64079.

56. Respondent Derk was present at the address and confirmed having the children at some point but refused to provide information to the Shophars who the Respondent released the children to.

57. When the Shophars requested the location of Annie Danner which records also showed had the minor children, Respondent Derk refused and commanded the Shophars and the Platte City County Sheriff to leave his property and premises.

58. The Shophar thereafter went to Annie Danner new residency at 508 NE 103rd St., APT 5E, Kansas City, MO 64155. The order was presented to the Township Townhome's Property Manager. The property manager directed the Shophars to the Apartment number 5E.

59. The Shophars knocked on the door of Respondent Annie Danner's apartment, but Respondent Annie did not answer the door. However, amazon packages at the addressed confirmed Annie Danner did indeed reside at 508 NE 103rd St., Apt 5E, Kansas City, MO 64155. Shophars were not able to confirm minor children were at the location.

14

60. Petitioner Jorel called Justin Danner listed cell number, but Respondent Justin did not answer the call. Petitioner left a message informing Respondent Justin there was a Court order for the children to be returned to the Petitioner. Petitioner never received a call back from Respondent Justin.

61. The Shophars thereafter went to another friend of minor's mother home Respondent Teena and Nathan Wilkie at 13720 Brougham Dr., Olathe, Kansas. Respondents Wilkies were known to have the minor children in 2015 – 2016, and 2018. Respondents watched the minor children while mother conducted in criminal activities.

62. Upon arrival to the Respondent's Wilkie's home, the Shophars saw Braden Shophar entering the garage at the Kansas location with Nathan Wilkie

63. The Shophars rang the door of Teena and Nathan Wilkie's home. Respondent Nathan answered the door and was informed by the Shophars of the Illinois Court order to return the children to the State of Illinois to the care of the Petitioner Jorel Shophar.

64. Respondent Nathan refused to release the children and stated, "they told me to call the police on you."

65. The Petitioners also called the Olathe law enforcement to effectuate the return of the minor children J.S. and B.S.

66. When the Olathe Police Department arrived, the Respondents Willkie falsely claimed Petitioner Jorel had come to their home couple of days earlier. Further, the Olathe Police officer allegedly claimed Respondent Teena presented an email that she allegedly received on June 2, 2023 that claimed KVC a privatized company had the children. Records show Respondent Teena is an employee at KVC.

67. The Olathe law enforcement disregarded and refused to enforce the Illinois Court Order but accepted the email Teena Wilkie presented to the Officer.

68. The Petitioner's children were illegally detained in violation of the Illinois' Court order. Children were not released to the Shophars.

## Respondents violate the U.S. Constitution's full faith and credit clause

69. The respondents were obligated to recognize and enforce the Illinois Court Order pursuant to U.S. Constitution's full faith and credit clause  The Illinois Court heard an emergency matter under Petitioner's Illinois Case **No. 2019D079387** (opened since April 2, 2019). The order clearly showed Illinois took jurisdiction of over the minor children and gave Petitioner custody rights to his children.  The order also gave the Petitioner the right to engage in law enforcement to effectuate the return of his children to Illinois under the care of Petitioner Jorel Shophar, the natural father of the children.

70. Missouri, Kansas and Illinois have adopted and enacted the UCCJEA that bound the respondents  to recognize and enforce the Illinois Custody order issued by the UCCJEA provisions federally reviewed.

71. Petitioner was limited to file an action under the UCCJEA to enforce the order in Missouri who declined jurisdiction and Kansas who released jurisdiction.   Therefore, the respondents' actions are causing hardship to the Petitioners and his children violating their civil liberties.

72. On June 3, 2023, the children were at a Vineyard Church event. The Shophars went to the event with the Illinois Court Order and saw many children in rooms at the church engaging in activities.

73. The Shophars were immediately approached by staff of the church and questioned.

74. The Shophars requested to speak with the Lead Pastor and Regina Hanna which evidence shows had the children.

75. The Court Order was also given to a Missouri Police Officer that was present at the Vineyard church event.

76. Pastor David Wiens confirmed Regina Hanna was a lay pastor of Vineyard Church and did not allow the Shophars to speak with Regina Hanna or retrieve his children. Vineyard Church Staff refused to provide any information of the whereabouts of the children.

77. The Pastor provided a card with his contact information and email stating we would speak about the details of the matter at another time.

78. The Missouri Police Officer refused to enforce the Illinois Court order and claimed it was not a Federal Order. In addition, the Missouri Police Officer refused to make a report of the incident when requested by the Shophars.

79. The Vineyard Church staff demanded the Shophars to leave. The Missouri Police Officer escorted the Shophars out of the premises of the church.

80. On **June 3, 2023** at 1:36 pm, Petitioner emailed the Pastor David Wien from Vineyard Church. The petitioner attached the Illinois Court Order and provided video evidence that showed the children with Respondent Regina Hanna and the children at Vineyard Church events. In addition, the Petitioner respectfully asked for the Pastor to reach out to him and return his children.

81. The Petitioners were never contacted by any Vineyard Church Representative.

82. The Petitioner were not contacted by KVC Behavioral Healthcare or KVC Niles regarding the whereabouts of his children or the release of his children.

**Respondents violate 28 U.S. Code § 1738A - Full faith and credit given to child custody determinations**

(a) The appropriate authorities of every State shall enforce according to its terms and shall not modify except as provided in subsections (f), (g), and (h) of this section, any custody determination or visitation determination made consistently with the provisions of this section by a court of another State.

72. The Respondents KVC and the Olathe, Kansas law enforcement and Kansas City Missouri law enforcement violate Federal law by refusing to recognize and enforce Illinois's Order a foreign child custody determination. Respondents were obligated by the full faith and credit federal statute that outlines the situation for the State and its authorities to recognize and enforce a foreign child custody determination. Respondents did not have the authority to abuse their discretion and disregard an order issued by a State Court Judge of Illinois. Respondents did not have the legal authority to declare the Petitioners needed a Federal Order in order have their children return to them. The Petitioners had a Court Order by a Judge of Illinois which gave the Police the right to enforce the order. The Respondents violated Federal Statute.

**Respondents violate the 14ᵗʰ Amendment Rights of the Petitioner and his children**

73. 14ᵗʰ Amendment to the United States Constitution gives the Petitioner as the Father a constitutionally protected liberty interest in raising his children. The Illinois Court Order gave the Petitioner custody over his children which barres the Respondents from depriving the Petitioner the return of his children in the State of Illinois under his care.

*Washington v. Glucksberg, 521 U.S. 702 (1997), that the Constitution, and specifically the Due Process Clause of the Fourteenth Amendment, protects the fundamental right of parents to direct the care, upbringing, and education of their children. Id. at 720*

The Respondents had no cause or justification for withholding the minor children J.S. and B.S. from the custody and control of the Petitioner.


**THEREFORE**, Petitioner requests that this Court issues:

(1) an order for the Respondents to provide information about the whereabouts of the minor children or produce the children in the Court of the State of Illinois.

(2) a writ of habeas corpus requiring the Respondents to comply with the Illinois Order to return the minor children to the State of Illinois under the care of the Petitioner Jorel Shophar.


Respectfully submitted,

Jorel Shophar
Raphah Shophar
1900 E. Golf Rd.
Schaumburg, Illinois 60173
Phone: (202) 322 – 4810
Email: Shophar@UnitedStatesChurch.us

## **EXHIBITS 1 – 5**

Exhibit 1 - https://www.vimeo.com/828877609 - visual of children

Exhibit 2 - https://www.vimeo.com/828874178 - visual of children

Exhibit 3 - https://www.vimeo.com/828885173 - visual of children

Exhibit 4 - https://www.vimeo.com/828878325 - visual of children

Exhibit 5 -  https://www.vimeo.com/828886108 - visual of children

Exhibit 6

FILED
DIVISION 43
20-Oct-2022 12:21
CIRCUIT COURT OF JACKSON COUNTY, MO

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

JOREL SHOPHAR,                          )
                  Petitioner,           )        Case No. 2216-FC02896-01
                                        )
v.                                      )        Division 43
                                        )
KRISSY GROSKI,                          )
                                        )
                  Respondent.           )

## ORDER NUNC PRO TUNC JOINING NECESSARY THIRD-PARTIES

**ON THIS** 20th day of October, 2022, the Court, on the Court's own Motion, hereby corrects the clerical mistake of incorrect spelling of names of the necessary third-parties.

**NOW** on this 20th day of October, 2022, the Court, on the Court's own *Motion* and pursuant to Missouri Supreme Court Rule 52.04 and §452.782 R.S.Mo., hereby finds that the Annie Danner, Justin Danner, Regina Hanna, and Derk Hanna shall be added as necessary Third-Parties to the *Modification* action filed herein. Third-Party Respondents are necessary to this cause of action, as they currently have physical custody of the minor children subject to the action herein.

**WHEREFORE, IT IS HEREBY ORDERED** that Annie Danner, Justin Danner, Regina Hanna, and Derk Hanna are made a party to this action.

**IT IS FURTHER ORDERED** that service shall be made on the necessary parties, pursuant to Missouri Supreme Court Rule 54.

**IT IS FURTHER ORDERED** that the matter is set for a Case Management Conference on **December 1, 2022 at 11:15 a.m.** in Division 43 of the 16th Circuit Court of Jackson County, Missouri. Said setting will be conducted via WebEx.

**IT IS SO ORDERED.**

10-20-22
**DATE**

**COMMISSIONER LISA M. DUBÉ**



# Exhibit 7

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

### DOMESTIC RELATIONS DIVISION

IN RE THE ALLOCATION )
OF PARENTAL RESPONSIBILITIES OF: )
                              )
JOREL SHOPHAR, )
                              )
         Petitioner )
      and )               Case No. 2019D079387
                              )
KRISSY GORSKI, )
                              )            Cal. C
         Respondent )

**ENTERED**
Judge William Stewart Boyd-1760

**JUN 0 1 2023**

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### ORDER

This cause coming to be heard on Petitioner, JOREL SHOPHAR's, Emergency Motion for Return of the Minor Child. Petitioner appearing through counsel, Robert D. Perrone of Johnson O'Keefe, LLC, and submitting this Emergency Motion pursuant to Administrative Order 2020 D 3, and the Respondent, KRISSY GORSKI, having not filing an objection to same by 2:00 p.m. The Court being fully advised, it is hereby found that:

1. Petitioner is the biological Father and Mother is the biological Mother of the two children at issue; namely, Jebriel Shophar ( "J.S." DOB: December 13, 2011) and Braden Shophar ( "B.S" DOB: February 4, 2013).
2. The minor children have yet to have a home state with continuing jurisdiction declared.
3. In 2015, Father filed a Declaration of Paternity in Kansas – Case number 15CV5047. *This Order, Judgment, and Decree of Declaration of Paternity* was merely to declare Petitioner as the Father of the two minor children at issue.
4. Father was declared the Father of the minor children through 15CV5047.
5. There was never an allocation of parental responsibilities order, nor a child support order. The Kansas court closed 15CV5047 on December 12, 2016.
6. Father has resided in Illinois since 2017.
7. Mother resided in Illinois from 2018-2019, and is now residing at the Waseca Federal Prison in Minnesota.
8. In 2018, the state of Kansas filed a Child in Need of Care Proceeding in Kansas as related to J.S. and B.S – Case numbers 18JC00230 and 19JC00229, respectively.
9. In April of 2019, Father filed an Allocation for Parental Responsibilities in the state of Illinois.
10. In April of 2022, Father filed an Order of Child Custody in the state of Missouri – Case number 2216-FC02896-01.
11. The minor children were believed to be in the state of Missouri at the time of Father's 2022 filing.

12. Since the filing of Father's Petition in 2019, Mother has traveled through various states.
13. Father has followed Mother through all states, and Father has attempted to bring the children back to Illinois for their own protection.
14. At issue is the minor children's home state.
15. On February 4, 2022, the state of Kansas issued an Order to *Release Jurisdiction and Release DCF Custody* of the minor children.
16. On November 22, 2022, the state of Missouri issued an Order *Declining Jurisdiction and Order of Dismissal* of the minor children.
17. 750 ILCS 36/201 of the Uniform Child-Custody Jurisdiction and Enforcement Act ("UCCJEA") states
    a. that Illinois has jurisdiction over an initial custody determination only if:
        i. This State is the home state of the child on the date of the commencement, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this State but a parent or a person acting as a parent continues to live in this State
        ii. A court of another state does not have jurisdiction under paragraph (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 207 or 208, and:
1. The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this State other than mere physical presence; and
2. Substantial evidence is available in this State concerning the child's care, protection, training, and personal relationships;
        iii. All courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that a court of this State is the more appropriate forum to determine the custody of the child under Section 207 or 208; or
        iv. no court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2), or (3).
    b. Subsection (a) is the exclusive jurisdiction basis for making a child-custody determination by a court of this State.
    c. Physical presence of, or
    d. personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination.
18. Mother is in prison for drug trafficking.
19. The minor children are believed to be residing in Missouri with acquaintances of Mother.
20. The acquaintances of Mother are believed to be involved in drug trafficking, which places the minor children in immediate danger.
21. Kansas has explicitly denied jurisdiction of the minor children. See *Exhibit A*.
22. Missouri has explicitly denied jurisdiction of the minor children. See *Exhibit B*.
23. Due to jurisdiction being denied by Kansas and by Missouri in accordance with 750 ILCS 36/201 (a)(ii), neither Kansas nor Missouri have jurisdiction over the

minor children J.S and B.S.

24. On this basis, this Court finds that Illinois is the home state for the minor children.

25. This matter is deemed to be an emergency as the minor children are in immediate danger while in the care of Mother's acquaintances.

## THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. Illinois is the home state for the minor children.

2. The minor children are to be returned to Illinois to the care of Petitioner, JOREL SHOPHAR.

3. This matter shall continue on Father's Petition for Allocation of Responsibilities, filed on April 2, 2019.

4. Petitioner shall engage any law enforcement to effectuate the return of the minor children J.S. and B.S.

5. This matter is continued to July 5, 2023, at 9:15 AM for further Status. Parties to appear via Zoom.

**Robert D. Perrone**
**Johnson O'Keefe, LLC (#100789)**
**Counsel for Petitioner**
**303 E. Wacker, Suite 1150**
**Chicago, IL 60601**
**(312) 319-4444**
**Robert.perrone@johnsonokeefe.com**

**Entered:**

Honorable William S. Boyd

Respondent: strongernow815@gmail.com

I hereby certify that the document to which this certification is affixed is a true copy.

Date June 1, 2023

IRIS MARTINEZ

Clerk of the Circuit Court
of Cook County, IL

# EXHIBIT

# A

Exhibit 2

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### Child In Need of Care Proceedings Under Chapter 38 of K.S.A.

In the Interest of

JEBRIEL SHOPHAR
Date of Birth 12/13/11

BRADEN SHOPHAR
Date of Birth 02/04/13

Case No. 18JC00230

Case No. 18JC00229

Division 10

FILED-1
2022 NOV 14 AM 10:59
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
COOK COUNTY

## MOTION AND ORDER TO RELEASE JURISDICTION AND RELEASE DCF CUSTODY

COMES NOW, **ERICA A MILLER** , an Assistant District Attorney for Johnson County, Kansas,  and respectfully moves the Court for an Order releasing the jurisdiction of the Court and releasing DCF custody in the above-entitled matter for the following reason(s) :

Court involvement is no longer necessary.

WHEREFORE, the State respectfully requests this Court to issue an Order releasing the jurisdiction of the Court, and releasing DCF custody for the aforementioned reason(s).

NOW, on this 25th day of January, 2022, this matter comes before the Honorable KATHLEEN L SLOAN, Judge of the District Court, Juvenile Section, on the Motion of ERICA A MILLER, Assistant District Attorney, for an Order releasing the jurisdiction of the Court  and releasing DCF custody.

The Court, after reviewing the file and the recommendations of the District Attorney's Office, orders that the above named child is released from DCF custody.  Further, this matter shall be released from the jurisdiction of the Court upon payment of all court costs and fees.

/s/ KATHLEEN SLOAN
Dated: 02/04/22
_____
JUDGE OF THE DISTRICT COURT
Division 10

Approved by:

Clerk of the District Court, Johnson County Kansas
02/04/22  02:41pm TK

# EXHIBIT

# B

> FILED
> DIVISION 43
> 22-Nov-2022  12:21
> CIRCUIT COURT OF JACKSON COUNTY, MO
> BY *Juanita Keelyn*

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
### AT KANSAS CITY

| | | |
|---|---|---|
| **JOREL SHOPHAR,** | ) | |
| **Petitioner,** | ) | **Case No. 2216-FC02896-01** |
| | ) | |
| **v.** | ) | **Division 43** |
| | ) | |
| **KRISSY GROSKI,** | ) | |
| **Respondent.** | ) | |

### FINDINGS AND RECOMMENDATIONS
### JUDGMENT AND ORDER DECLINING JURISDICTION AND
### ORDER OF DISMISSAL

**ON** the 10th day of November, 2022, this Court held a Joint UCCJEA Conference with the Honorable Kathleen L. Sloan, District Court Judge, Division 10 of the District Court of Johnson County, Kansas via Zoom. Present for the Joint UCCJEA Conference, in addition to this Court and Judge Sloan, were the following individuals: Erica Miller, attorney for the State of Kansas; Rich Klein, Guardian ad Litem in the Kansas matter; K. Martin Kuny, Guardian ad Litem in the Missouri matter; Jorel Shophar, father of the minor children; Troy Leavitt, attorney for Jorel Shophar in the Missouri matter; and Jackie Moore, counsel for mother, Krissy Groski, in the Kansas Matter.

**NOW** on this 22nd day of November, 2022, the Court enters the following Findings and Orders:

**THE COURT FINDS** that Petitioner, Jorel Shophar is a resident of the State of Illinois, currently residing at 1015 Hobble Bush Lane, Elgin, Illinois 60120.

**THE COURT FURTHER FINDS** that Respondent, Krissy Groski is currently incarcerated at the Waseca Federal Prison, located at 1000 University Drive, SW, Waseca, Minnesota 56093.

**THE COURT FURTHER FINDS** that Petitioner, Jorel Shophar and Respondent, Krissy Groski share two minor children, namely: Jebriel Raman Shophar, born December 2011, now age 10; and Braden Neves Shophar, born February 2013, now age 9.

**THE COURT FURTHER FINDS** that the State of Kanas entered an Order, Judgment, and Decree of Declaration of Paternity on March 4, 2016 in Case Number: 15 CV 5047.

**THE COURT FURTHER FINDS** that Petitioner, Jorel Shophar, *pro se,* filed a *Petition for Emergency Temporary Jurisdiction for Custody Under the UCCJEA and UCCJEA Motion to Transfer Jurisdiction for Custody of Minor Children to the State of Illinois* on April 13, 2022. The Jackson County Department of Civil Records treated this filing as a *Petition for Foreign Judgment.*

**THE COURT FINDS** that between April 13, 2022 and May 9, 2022, Petitioner, Jorel Shophar, his counsel, Troy Leavitt, and the Jackson County Department of Civil Records corresponded to obtain documents necessary for the registration of a foreign judgment.

**THE COURT FINDS** that on May 9, 2022, Petitioner, Jorel Shophar filed an *Order of Child Custody* dated January 25, 2022. Said *Order* was entered by Judge Sloan in Division 10 of the District Court of Johnson County Kansas. This *Order* was the subject of the Missouri registration.

**THE COURT FURTHER FINDS** that Respondent, Krissy Groski was served with the *Notice of Filing of Foreign Judgment* on or about May 18, 2022. She did not file an objection.

**THE COURT FURTHER FINDS** that Petitioner, Jorel Shophar filed a *Motion to Modify*[1] on June 8, 2022.

---

[1] Petitioner, Jorel Shophar's Motion to Modify, filed on June 8, 2022, failed to mention the pending CINC cases in Johnson County Kansas pursuant to the requirements of the UCCJEA.

2

**THE COURT FURTHER FINDS** that Respondent, Krissy Groski was served with the *Motion to Modify* on July 8, 2022.

**THE COURT FURTHER FINDS** that this Court held a Case Management Conference on October 6, 2022 wherein this Court expressed concern as to jurisdiction in this matter. Petitioner, Jorel Shophar advised the Court that the children were residing in the State of Missouri with non-relatives and had been for more than six (6) months. To address and investigate the issue of jurisdiction, this Court appointed a Guardian ad Litem[2] and entered an *Order Joining Necessary Third-Parties[3]*, namely the non-relative individuals alleged to have actual physical custody of the minor children in Missouri.

**THE COURT FURTHER FINDS** that on October 7, 2022 this Court was contacted by Judge Kathleen L. Sloan of the District Court of Johnson County, Kansas, advising that she had open Child in Need of Care (CINC) cases involving the minor children which had been on file since April 2022.

**THE COURT FURTHER FINDS** that due to cases pending in both Missouri and Kansas this Court and Division 10 of the District Court of Johnson County coordinated a Joint UCCJEA Conference to be held on November 10, 2022 at 1:00 p.m. via Zoom.

**THE COURT FURTHER FINDS** that the State of Missouri has enacted the *Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA)* in *Sections* 452.740-452.845 R.S.Mo. and that the State of Kansas has enacted the *Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA)* in *KSA* 23-37, 101-405.

---

[2] Jared Frick was appointed as Guardian ad Litem on October 6, 2022, but advised the Court that he had a conflict. Jared Frick was thereafter discharged and K. Martin Kuny was appointed Guardian ad Litem on October 6, 2022.
[3] An *Order Nunc Pro Tunc Joining Necessary Parties* was entered on October 20, 2022 to correct the names of the necessary parties.

3

**THE COURT FURTHER FINDS** that the State of Kansas assumed emergency jurisdiction over the minor children on April 1, 2022 in Case Numbers: 22 JC 181 and 22 JC 182, which are Child in Need of Care cases.

**THE COURT FURTHER FINDS** that the State of Kansas emergency jurisdiction was assumed prior to Petitioner, Jorel Shophar's attempts to register the Kansas *Order* in the State of Missouri.

**THE COURT FURTHER FINDS** that in addition to the Order, Judgment, and Decree of Declaration of Paternity entered on March 4, 2016, the District Court of Johnson County, Kansas has entered subsequent judgments and orders regarding custody of the minor children in Case Number 15 CV 5047, the last *Order* was entered on January 25, 2022 and was registered in the State of Missouri.

**THE COURT FURTHER FINDS** that the District Court of Johnson County, Kansas has had numerous CINC cases involving the minor children, to wit: 15 JC 581; 15 JC 582; 18 JC 229; and 18 JC 230.

**THE COURT FURTHER FINDS** that jurisdiction under the CINC cases 18 JC 229 and 18 JC 230 was terminated on February 4, 2022, subsequent to the District Court of Johnson County, Kansas entering custody orders in the January 25, 2022 order, pursuant to KSA 38-2264(k)[4].

**THE COURT FURTHER FINDS** that Petitioner Jorel Shophar argues that since the minor children were placed with Respondent, Krissy Groski, and/or non-relative placements in

---

[4] The Court notes that KSA 38-2264(k) is similar to *Section* 211.093 R.S.Mo., which provides a juvenile or dependency court may enter custody orders, including parenting plans, prior to termination of the juvenile or dependency matter in order to effectuate permanency for children.

the State of Missouri during periods of time from June 2020 through March 2022, that Missouri is the minor children's home state.

**THE COURT FURTHER FINDS** that Petitioner Jorel Shophar's argument that Missouri became the minor children's home state during the pendency of the CINC case fails as the children were under continuing jurisdiction of Kansas in the CINC cases 18 JC 229 and 18 JC 230 and the children's placement in Missouri was pursuant to orders entered in the Kansas CINC cases to effectuate permanency of the minor children. Further, the State of Kansas retained jurisdiction under the parentage case, 15 CV 5047.

**THE COURT FURTHER FINDS** that the Kansas Court did not terminate its jurisdiction under the CINC cases until February 4, 2022, after entering custody orders in the parentage case. The period of time between February 4, 2022 and April 1, 2022, when Kansas assumed emergency jurisdiction under the CINC case numbers 22 JC 181 and 22 JC 182, was less than two months.

**THE COURT FURTHER FINDS** that the State of Kansas alleges that the minor children and Respondent, Krissy Groski, were residing in the State of Kansas, at an undisclosed location, from August 2021 until Respondent, Krissy Groski was taken into federal custody in early March 2022.

**THE COURT FURTHER FINDS** that the State of Kansas alleges that the minor children were only in the State of Missouri with non-relative placements from early March 2022 until April1, 2022 when the State of Kansas assumed emergency jurisdiction under CINC cases 22 JC 181 and 22 JC 182.

**THE COURT FURTHER FINDS** that based upon all information provided to this Court, the State of Kansas has exclusive, continuing jurisdiction under the UCCJEA.

5

**THE COURT FURTHER FINDS** that based upon all information provided to this Court, the State of Missouri lacks jurisdiction under the UCCJEA.

**THE COURT FURTHER FINDS** that Petitioner, Jorel Shophar alleges that the State of Illinois has an interest in jurisdiction of the minor children, as Petitioner Jorel Shophar is a resident of the State of Illinois and the State of Illinois was investigating an ICPC placement of the children in the State of Illinois under the 18 JC 229 and 18 JC 230 CINC cases. Petitioner, Jorel Shophar alleges that this Missouri Court needs to speak with the judicial officer presiding over the matter in Illinois prior to making a determination as to whether Illinois should have jurisdiction.

**THE COURT FURTHER FINDS** that this Missouri Court has no claim to jurisdiction over the children subject to this action and therefore need not weigh in on any UCCJEA issues between other states.

**WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that this Court declines to exercise jurisdiction over the minor children Jebriel Raman Shophar, born December 2011, now age 10; and Braden Neves Shophar, born February 2013, now age 9, as the State of Kansas has exclusive, continuing jurisdiction over the minor children and has additionally assumed emergency jurisdiction over the minor children.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Petitioner's *Motion to Modify,* filed herein on June 8, 2022, is hereby **DISMISSED** for lack of jurisdiction, at Petitioner's costs.

**IT IS SO ORDERED.**

_22-Nov-2022_
_____
**DATE**

_____
**COMMISSIONER LISA M. DUBÉ**

The parties are notified that the foregoing Findings and Recommendations have been entered this date by the Commissioner, and all papers relative to the proceedings or case together with the Findings and Recommendations have been transferred to a Judge of the Court. The Findings and Recommendations shall become the judgment of the Court upon adoption by order of the Judge. The parties are further notified that a motion for re-hearing may be filed within fifteen days after the mailing of the notice of the filing of the judgment of the Court. If the motion for re-hearing is not ruled on within forty-five days after the motion is filed, the motion is over-ruled for all purposes.

## JUDGMENT AND ORDER ADOPTING COMMISSIONER'S FINDINGS AND RECOMMENDATIONS

It is hereby ordered that the Findings and Recommendations entered herein are adopted as a judgment of the Court.

<u>22-Nov-2022</u>
**DATE**

**JUDGE**

## NOTICE OF FILING OF JUDGMENT

I certify that the Notice of Filing of Judgment, along with the Commissioner's Findings and Recommendations, including the notice of rehearing and statement of transfer to a Judge were served via U.S. Mail, postage prepaid and/or emailed to the parties on <u>22-Nov-2022</u>.

Troy Leavitt
**Attorney for Petitioner**

Krissy Groski
Inmate #30095-031
Waseca Federal Prison FCI
1000 University Dr SW
Waseca, MN 56093
**Respondent, Pro Se**

K. Martin Kuny
**Guardian ad Litem**

7

Justin Danner
Annie Danner
11816 N. Belmont Ave.
Kansas City, Missouri 64156
**Third-Party Respondents**

Derk Hanna
Regina Hanna
15350 N. Winan Road
Platte City, Missouri 64079
**Third-Party Respondents**

Juanita Koelzer
Judicial Administrative Assistant / Clerk, Division 43

8